## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ARTHUR GILFUS,

     Plaintiff,

v.                                                    Case No: 8:18-cv-2941-CEH-CPT

MCNALLY CAPITAL, LLC.,

     Defendant.

_____/

## ORDER

     This matter comes before the Court on Plaintiff's Motion for Leave to Join New Defendant Party or Amend Pleadings (Doc. 64). In the motion, Plaintiff seeks an order permitting him to amend his complaint to add one of Defendant's customers, Dobbs Management Services, LLC ("Dobbs"), as a party defendant.  Defendant McNally Capital, LLC opposes the motion. Doc. 66. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Leave to Join New Defendant Party or Amend Pleadings.

## I.   BACKGROUND

     This case was first filed in December 2018 by Plaintiff, Arthur Gilfus, against Defendant, McNally Capital, LLC., asserting claims for breach of contract, breach of fiduciary duty, breach of implied good faith and fair dealing, promissory estoppel, and unjust enrichment. Doc. 1. The case arises out of Plaintiff's vision for a "Business Plan" that included structuring a deal, locating capital, finding an ideal investor,

establishing a first 100-day plan, and identifying stores to close and acquisitions to be made. In early January 2017, Plaintiff began discussions with Defendant, who expressed interest in Plaintiff's Business Plan. In confidential discussions, Plaintiff identified Nortrax, Inc. as a primary potential opportunity for the Business Plan he developed. Plaintiff and Defendant entered into a non-disclosure agreement. As discussions between Plaintiff and Defendant developed regarding a deal, Defendant proposed the idea of shopping the deal to prospective buyers, specifically Dobbs, and ultimately, the parties developed a potential deal with Dobbs for acquiring Nortrax. As Defendant became more familiar with the industry and confidential materials, it marginalized Plaintiff's role in the deal and excluded Plaintiff while using Plaintiff's confidential materials to pursue the deal. Plaintiff claims that Defendant, with Dobbs, purchased Nortrax using Plaintiff's confidential "evaluation material" to Plaintiff's detriment and exclusion. This lawsuit followed.

After multiple rounds of motions to dismiss, the operative complaint is Plaintiff's Second Amended Complaint filed April 29, 2020, in which Plaintiff sues Defendant for breach of contract, breach of fiduciary duty, promissory estoppel, and unjust enrichment. Doc. 38. Defendant answered the Second Amended Complaint on March 22, 2021, (Doc. 60) after the Court denied its motion to dismiss.

Plaintiff now seeks to amend his complaint a third time to add Dobbs as a Defendant. In his motion, Plaintiff indicates that upon receiving Defendant's objections and responses to interrogatories, Plaintiff learned that it was Dobbs who acquired Nortrax and benefited from Plaintiff's work restructuring the deal. Doc. 64

at 2. Plaintiff states his motion is timely and will not be prejudicial to McNally or Dobbs. Plaintiff relies on the liberal amendment policy of Fed. R. Civ. P. 15 and the Court's authority to add or dismiss parties under Federal Rules of Civil Procedure 19 and 21. Plaintiff contends Dobbs is a necessary Defendant who was unjustly enriched by the evaluation material provided by Plaintiff.

Defendant opposes the Plaintiff's motion for leave to join new defendant party. Doc. 66. Defendant argues the amendment is untimely and futile, and therefore Plaintiff's motion should be denied. In support, Defendant submits that Plaintiff made a pre-suit demand to Dobbs, and yet Plaintiff fails to explain why he unduly delayed seeking to add Dobbs as a Defendant in this action. Defendant further argues that Plaintiff's recent revelation as to Dobbs' involvement based on discovery responses is disingenuous because Plaintiff has known since at least April 2020 that Dobbs had acquired Nortrax, as referenced in the Second Amended Complaint.

Next, Defendant argues the motion is due to be denied because amendment would be futile. Defendant complains that Plaintiff fails to attach the proposed amended complaint and instead attaches only the Second Amended Complaint. Although he provides no proposed Third Amended Complaint, his motion states he intends to add Dobbs to his Count IV claim for unjust enrichment. Defendant argues the claim would be time-barred because an unjust enrichment claim has a four-year statute of limitations. Defendant submits that the four-year statute of limitations began to run when Plaintiff provided the uncompensated benefit, *i.e.*, his provision of the confidential material. By Plaintiff's allegations, he began talks with Defendant no later

than early January 2017, and thus Defendant argues an unjust enrichment claim filed later than January 2021 would be time-barred.

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." And "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Grant of leave to amend is within the trial court's discretion and denial is reviewed for abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993)). Undue delay is an adequate basis for denying leave to amend. *Burger King*, 169 F.3d at 1319. Here, it is undisputed that Plaintiff was aware of Dobbs' involvement prior to his filing of the lawsuit in December 2018. And even if he did not appreciate the extent of Dobbs' involvement pre-suit, by the time he filed the Second Amended Complaint in April 2020, he was fully aware that Dobbs was the buyer. Plaintiff offers no explanation for the undue delay until May 21, 2021, when he seeks to add Dobbs as a party defendant.

Plaintiff has had ample time and multiple opportunities to amend his pleadings. Although referencing Dobbs by name in the initial (Doc. 1 ¶¶ 23–27, 31, 39, 40, 42, 59, 73), first amended,[1] and second amended (Doc. 38 ¶¶ 31, 32, 35, 37, 38, 42, 47, 50, 53, 62, 63, 89) complaints, Plaintiff does not seek to add Dobbs as a party until over a year after the filing of the Second Amended Complaint.

In the initial Case Management and Scheduling Order, the Court set a deadline of June 7, 2019, to add parties. Doc. 22 at 2. Although a new scheduling order was entered in April 2021, with a May 21, 2021 deadline for motions to add parties (Doc. 62 at 2), Plaintiff waited until the last day—May 21, 2021—in which to request to add Dobbs as a party. While the motion was timely, the motion fails to explain the undue delay in seeking the amendment. As such, the motion to amend is due to be denied.

Plaintiff's reliance on Federal Rules of Civil Procedure 19 and 21 do not save his cause. He cites to these rules for the proposition that the Court may add or drop a party at any time. While he argues generally that Dobbs is a necessary defendant because it was not only involved in the Nortrax acquisition deal but was the primary purchaser, Plaintiff again fails to explain why this entity, if necessary, was not named in the first, second or third complaints. Further, Plaintiff fails to show that the Court would be unable to accord complete relief among existing parties or that disposing of the action in Dobbs' absence would impair that entity's ability to protect its interests

---

[1] The Amended Complaint (Doc. 34) was stricken. *See* Doc. 37.

or otherwise subject existing parties to multiple inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1).

Defendant additionally argues that the motion should be denied because amendment would be futile. While it appears likely that an unjust enrichment claim would be time-barred against Dobbs, the Court is unable to make this determination where, as here, Plaintiff has failed to attach the proposed third amended complaint or at least allege the substance of the amended allegations, which Plaintiff is required to do. *See McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment or attach a copy of proposed amended complaint). In any event, the Court need not reach the issue of futility of the amendment as the motion is denied for undue delay.

Accordingly, it is

**ORDERED**:

1.     Plaintiff's Motion for Leave to Join New Defendant Party or Amend Pleadings (Doc. 64) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 21, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

6