# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ARTHUR GILFUS,

    Plaintiff,

v.                                                    Case No: 8:18-cv-2941-CEH-CPT

MCNALLY CAPITAL, LLC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 74). In the motion, Plaintiff requests the Court reconsider its orders denying Plaintiff's motion for leave to amend complaint to add a party defendant (Doc. 70), denying Plaintiff's motion for extension of expert witness deadline (Doc. 71), and granting Defendant's motion for extension of the discovery deadline to allow Defendant to depose Plaintiff (Doc. 73). Defendant, McNally Capital, LLC, filed a response in opposition. Doc. 78. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Reconsideration.

## DISCUSSION

Plaintiff, Arthur Gilfus, seeks reconsideration of three court orders. "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter*

*Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).  Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.  *Id.*

Additionally, a motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment.  *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge."  *O'Neal*, 958 F.2d at 1047.

**A.**   **Order on Plaintiff's Motion for Leave to Amend (Doc. 70)**

On October 21, 2021, the Court denied Plaintiff's Motion for Leave to Join New Defendant Party or Amend Pleadings. Docs. 64, 70. In its order denying Plaintiff's motion, the Court found Plaintiff failed to explain the undue delay in seeking to add Dobbs as a necessary Defendant where Plaintiff knew of Dobbs and its involvement in the Nortrax acquisition even prior to filing suit in 2018. Doc. 70 at 4–6. The Court

further noted Plaintiff did not provide the proposed third amended complaint with its leave to amend, which Plaintiff is required to do. *See* Doc. 70 at 6 (citing *McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (holding district court properly exercised its discretion to deny leave to amend where plaintiff neither set forth the substance of the proposed amendment nor attached a copy of the proposed amended complaint)).

In its motion for reconsideration, Plaintiff does not identify an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice as it relates to the Court's ruling on Plaintiff's motion. Rather, Plaintiff generally alludes to Defendant's delayed discovery tactics, the health of Plaintiff's counsel, and the ongoing pandemic, but otherwise fails to provide a recognized ground for reconsideration of the Court's order.

As it relates to all three orders for which Plaintiff seeks reconsideration, Plaintiff complains he has not had enough time for discovery, arguing the Court's most recent scheduling order resulted in only a seven-month discovery period. This case was filed three years ago. Doc. 1. The first scheduling order was entered in March 2019, which provided for a discovery deadline of March 13, 2020.[1] Doc. 22. An Amended scheduling order was entered April 13, 2021, which included a November 5, 2021 discovery deadline. Doc. 62. The Court disagrees with Plaintiff's assessment that "the discovery window in this case has been less than seven (7) months." Plaintiff has

---

[1] Thus, the parties had nearly a year of discovery before a worldwide pandemic was announced due to the coronavirus.

3

presented no change of law, no new evidence, nor demonstrated injustice to warrant reconsideration of the Court's order of October 21, 2021, denying the Plaintiff's motion to add Dobbs as a Defendant. Thus, the motion for reconsideration is due to be denied as to the Court's order (Doc. 70).

**B.     Order on Plaintiff's Motion to Extend Expert Disclosure Deadline (Doc. 71)**

On October 29, 2021, the Court issued an order denying Plaintiff's Motion to Extend Expert Disclosure Deadline. Docs. 68, 71. In denying Plaintiff's motion, the Court noted that Plaintiff failed to demonstrate good cause for an extension of time after the deadline expired and failed to show the requested extension would not impact other deadlines. Doc. 71 at 2.

In his motion for reconsideration, Plaintiff fails to identify an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice as it relates to the Court's ruling on Plaintiff's motion. Plaintiff does not identify the experts he seeks to disclose or why the Court should reconsider its order denying the motion for extension of time as it relates to experts. Indeed, the motion for extension of time was premised on the outstanding motion to add Dobbs as a defendant. That motion has been denied, and thus it appears the basis for the requested extension is moot. To the extent Plaintiff has an alternative basis for the requested extension, it is not set forth in the motion for reconsideration. Again, Plaintiff fails to demonstrate any ground to warrant reconsideration of the Court's prior order and thus his motion for reconsideration is due to be denied regarding the Court's order (Doc. 71) denying Plaintiff's motion to extend expert deadline.

### C. Order on Defendant's Motion for Extension of Time (Doc. 73)

On November 8, 2021, the Court entered a paperless order granting Defendant's motion for a limited extension of the discovery deadline to permit Defendant time to take the deposition of the Plaintiff. Docs. 72, 73. Defendant is entitled to depose Plaintiff in this case. In his motion for reconsideration, Plaintiff does not dispute this, but rather argues that Defendant's motion for extension of time was supposed to be a joint motion wherein Defendant would be permitted to depose Plaintiff beyond the discovery deadline and Plaintiff would be permitted to depose Frank McGrew, a non-party witness. Despite the supposed agreement between the parties, Plaintiff complains that Defendant unilaterally filed its own motion referencing only the deposition of Plaintiff. Plaintiff requests reconsideration of the Court's order (Doc. 73) "to allow the parties to both pursue discovery, and especially take depositions of both the Plaintiff and Frank McGrew, not only Plaintiff, in avoidance of prejudice to either party." Doc. 74 at 13.

Plaintiff's requested relief is not appropriate on a motion for reconsideration. Plaintiff does not identify an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice as it relates to the Court's ruling on Defendant's motion. The motion never sought an extension for the purpose of taking Frank McGrew's deposition, and Plaintiff never filed his own motion seeking an extension to depose Frank McGrew. Rather, Plaintiff seeks reconsideration of the Court's order allowing Defendant additional time to take the deposition of Plaintiff, a fact Plaintiff does not seem to oppose, nor would he appear

to have grounds to. The motion for reconsideration is due to be denied as it relates to the Court's order (Doc. 73) granting Defendant's limited extension of the discovery deadline.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. 74) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 5, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any