UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR GILFUS,

    Plaintiff,

v.                                                   Case No: 8:18-cv-2941-CEH-CPT

MCNALLY CAPITAL, LLC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Strike Second Gilfus Declaration (Doc. 116), filed on January 21, 2022. In the motion, Defendant requests the Court strike the Second Gilfus Declaration as a sham affidavit. Plaintiff filed a response in opposition. Doc. 122. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Defendant's Motion to Strike the Second Gilfus Declaration.

## DISCUSSION

Plaintiff Arthur Gilfus ("Gilfus") sues Defendant McNally Capital ("McNally") for breach of contract, breach of fiduciary duty, promissory estoppel, and unjust enrichment. *See* Doc. 38. McNally moved for summary judgment as to all four claims. *See* Doc. 89. In its motion for summary judgment, McNally raised a lack of evidence supporting Plaintiff's damages claim, among other arguments. *See id.* In opposition to the motion for summary judgment, Gilfus filed a response (Doc. 111) and second

declaration.[1] *See* Doc. 112. McNally moves to strike the second declaration as a sham affidavit, *see* Doc. 116, and Gilfus filed a response in opposition. *See* Doc. 122. The issue before the Court is whether Gilfus's second declaration contradicts his prior deposition testimony such that the declaration should be stricken as a sham affidavit. The Court finds that it does not, and the Court will not strike the Second Gilfus Affidavit.

Under the sham affidavit rule, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assoc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). A court may strike an affidavit as a sham when the affidavit flatly contradicts the affiant's previous testimony "for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). However, "the rule only operates in a limited manner to exclude unexplained discrepancies and inconsistencies, as opposed to those which create an issue of credibility or go to the weight of the evidence." *Id.* (quotations omitted). Courts apply the rule sparingly "because of the harsh effect it may have on a party's case." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1316 (11th Cir. 2007) (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987)).

---

[1] In support of his own motion for partial summary judgment, Gilfus filed the First Gilfus Declaration on December 10, 2021. *See* Doc. 88-1.

2

On November 16, 2021, Gilfus provided deposition testimony in which he responded to questions about the time and expenses he spent pursuing a potential venture with McNally to acquire Nortrax, Inc. from John Deere Construction & Forestry Company. *See, e.g.*, Doc. 94-2 at 198:1–204:19, 234:23–236:21. In the deposition, Gilfus had difficulty recalling his time and expenses but provided estimates of his time spent in February and March of 2017. *See id.* On January 8, 2022, in conjunction with his opposition to McNally's Motion for Summary Judgment, Gilfus filed a Second Declaration in which he claimed to have "reviewed numerous documents including emails, proposals, reports, and other items contained within [his] deposition exhibits and discovery responses" to conclude that he spent "over 200 hours of time in the course of approximately [eight] months working on the Nortrax acquisition." Doc. 112 ¶ 6.

McNally argues that the Second Declaration is a sham because it directly contradicts Gilfus's deposition testimony regarding his time and expenses. Specifically, McNally contends that Gilfus "consistently testified he could not remember how much time he spent and would not be able to figure it out." Doc. 116 at 2. In response, Gilfus argues that the Second Gilfus Declaration does not inherently contradict the deposition and merely supplements his testimony. Doc. 122 at 7. Although a close call, the Court agrees with Gilfus.

In his deposition, Gilfus did not completely foreclose his ability to develop a more detailed response at a later time. To the contrary, when pressed for estimates of his time spent on the proposed transaction in March 2017, Gilfus estimated that he

3

had spent forty-five hours based on "[t]he time [he] spent out at ConExpo and other things that went on, and . . . and phone calls with Frank, and emails back and forth" and stated, "I'm just giving you my best estimate." Doc. 94-2 at 234:23–235:9. He also estimated that he spent "certainly more than" ten hours in February 2017 working with representatives from McNally on the potential transaction, *id.* at 197:13–23, suggesting to the Court at least some degree of specific recollection.

Although McNally asserts that courts should strike an affidavit when it offers a more specific recollection from an affiant who previously "displayed a complete lack of specific recollection whatsoever," Doc. 116 at 5 (citing *Knight v. Allstar Bldg. Materials, Inc.*, No. 08-cv-457, 2009 WL 3837870), here, Gilfus's deposition testimony does not display a complete lack of specific recollection. McNally's contention that Gilfus has produced "no invoices, no records, no travel receipts, [and] no receipts of any kind" to support his claimed time and expenses is unpersuasive because it speaks to the weight of the evidence rather than any purported conflict with Gilfus's deposition testimony. *See* Doc. 116 at 3. McNally's arguments as to the basis for Gilfus's estimates and credibility related to same fail for the same reason. *See id.* at 4. Thus, the Court will not strike the Second Gilfus Declaration as a sham affidavit.

McNally also argues that the exhibits attached to the Second Gilfus Declaration should be stricken because they are not in admissible form, Plaintiff failed to produce a certification under Fed. R. Evid. 902(11) to authenticate the documents, and the documents were not produced in discovery. Doc. 116 at 9. In the exhibits, Gilfus purports to provide "true and correct [copies]" of pages from McNally's website as it

appeared in December 2016 "printed from the Internet Archive commonly known as the WayBack Machine, which is an open-source archive of saved Internet websites." Doc. 112 ¶ 2. In support of his submission, Gilfus asserts that "based on [his] memory of viewing the website at that time, [the exhibits] appear. . . to be true and correct copies of the website [he] viewed at that time." Doc. 112 at ¶ 3. McNally argues that the exhibits are not in admissible form and that "[Gilfus's] contention that these website printouts are 'true and correct' copies based on his recollection from over [five] years ago" is not credible. Doc. 116 at 9.

"A screenshot from WayBack Machine raises two issues of authenticity. First, the proponent of a screenshot from WayBack Machine must show that the printouts are from the WayBack Machine website and were printed on a certain date. . . . Second, the proponent of a screenshot from WayBack Machine must show the archived screenshot is what the proponent claims it is—a printout from a particular webpage on a certain date." *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 717 (N.D. Fla. 2019). Courts in this Circuit have found that a party "may properly authenticate the screenshots from [the] WayBack Machine by providing testimony of a witness who saw and printed the posting from the WayBack Machine website, so long as the screenshots contain circumstantial indicia of authenticity." *Id.* (collecting cases and noting that "[n]umerous courts, including our sister courts, have taken judicial notice of web pages available through the WayBack Machine"). Reproductions of web pages are "sufficiently authenticated where the proponent declared that they were true and correct copies of pages on the internet and the print-outs included their webpage URL

5

address and the dates printed." *Randazza v. Cox*, No. 2:12-cv-2040-JAD-PAL, 2014 WL 1407378, at *2 (D. Nev. Apr. 10, 2014); *see also Pohl*, 332 F.R.D. at 717 (finding proponent of evidence satisfied the first requirement with screenshots from WayBack Machine website that have a web address and a date stamped on them showing the website from which the screenshots were taken *and* the date they were printed). Although Gilfus attests that he viewed and downloaded the exhibits from the Internet Archive's WayBack Machine, Doc. 112 ¶ 2, review of the exhibits reveals they are not stamped with the date on which the exhibits were downloaded and printed.[2]

On the second authentication issue, the *Pohl* court noted, "the proponent of printouts from WayBack Machine need only provide an affidavit of a person with personal knowledge who can attest that the third-party crawler operates to create an unaltered copy of a website as it appears on a given day to satisfy the authenticity requirement under Federal Rule of Evidence 901(a)."[3] *Pohl*, 332 F.R.D. at 718. There, the court found the information properly authenticated where the defendant provided two affidavits of a representative from the Internet Archive that has personal knowledge about how third-party crawler operates, even though the affidavits were from different cases. *Id.* Here, Gilfus's filing falls short under both authentication

---

[2] McNally also argues that the exhibits are inadmissible because they were not produced in discovery. Doc. 116 at 9. The Court finds this argument unpersuasive because the exhibits are purportedly images of McNally's own website. *See* Doc. 112.
[3] "The archived data viewable using the WayBack Machine is compiled using software programs known as crawlers, which surf the Web and automatically store copies of web files, preserving these files as they exist at the point of time of capture." *Pohl*, 332 F.R.D. 713, 717 (N.D. Fla. 2019).

6

issues. The exhibits submitted do not contain the required dates to establish indicia of authenticity and he fails to provide any affidavit from someone with personal knowledge of how the Wayback machine functions. As McNally points out, Gilfus fails to provide authenticating certification under Fed. R. Evid. 902(11). *See also* Fed. R. Evid. 902(14) (regarding authentication of data copied from an electronic device, storage medium, or file). The motion to strike the exhibits from the Internet Archive's WayBack Machine is due to be granted. Accordingly, the Court will consider the Second Gilfus Declaration, but strike the exhibits attached thereto.[4] It is hereby

**ORDERED**:

1. Defendant's Motion to Strike Second Gilfus Declaration (Doc. 116) is **GRANTED** to the extent that the Court will strike the exhibits (Doc. 112 Ex. 4-1, 4-2, 4-3) attached to the Second Gilfus Declaration. In all other respects, Defendant's Motion (Doc. 116) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 6, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[4] The exhibits will be stricken without prejudice to Plaintiff's ability to reintroduce them at trial to the extent they can be properly authenticated and proper notice of the intent to offer the record is provided. *See* Fed. R. Evid. 902(11).