UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR GILFUS,

    Plaintiff,

v.                                                      Case No: 8:18-cv-2941-CEH-CPT

MCNALLY CAPITAL, LLC.,

    Defendant.
_____/

# ORDER

This matter comes before the Court on the Defendant's Motion to Strike Jury Demand (Doc. 169). In the motion, Defendant requests the Court enter an order striking Plaintiff's demand for a jury trial because the only claim remaining to be tried is the equitable claim of unjust enrichment. Plaintiff responded in opposition (Doc. 188) and Defendant replied (Doc. 191). The issue of Plaintiff's jury demand was discussed at the pretrial conference held on August 15, 2023, following which the Court directed Plaintiff to file a supplement to the pretrial statement clarifying the breakdown of Plaintiff's damages. Doc. 181. On August 22, 2022, Plaintiff filed a supplement regarding damages (Doc. 182), to which Defendant responded (Doc. 185). After careful consideration of the motion, the parties' submissions, and being fully advised in the premises, the Court will deny Defendant's Motion to Strike Jury Demand.

## DISCUSSION

A determination as to whether Plaintiff has a right to a jury trial begins with the Seventh Amendment, which preserves the "right of trial by jury" in "[s]uits at common law." U.S. Const. amend. VII. The Supreme Court has articulated a two-part test that courts use to determine whether the Seventh Amendment's right to a jury trial applies to a plaintiff's particular claim. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). "Under that test, a court must first 'compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.' It must then 'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Hughes v. Priderock Cap. Partners, LLC*, 812 F. App'x 828, 831 (11th Cir. 2020) (quoting *Granfinanciera*, 492 U.S. at 42). The second factor is "more important than the first." *Id.*

Because the only claim remaining is the equitable claim of unjust enrichment,[1] Defendant submits that Plaintiff is not entitled to a jury trial. Plaintiff urges that his claim sounds in assumpsit and that he is seeking money damages, a legal remedy, and therefore his demand for a jury trial should be honored. Alternatively, Plaintiff requests an advisory jury.

The parties apply the *Granfinanciera* test to Plaintiff's unjust enrichment claim, but they disagree as to how the claim should be classified. The disagreement stems, at

---

[1] On December 12, 2022, the Court entered summary judgment in Defendant's favor on Plaintiff's breach of contract, breach of fiduciary duty, and promissory estoppel claims. Doc. 156. Thus, the only claim remaining after dispositive motions is Plaintiff's unjust enrichment claim. *See id.*

2

least in part, due to Plaintiff's own inability to clearly articulate his measure of damages on this claim. In that regard, the pretrial statement included the following breakdown of Plaintiff's damages:

> Plaintiff's remaining unjust enrichment claims are often found to be equitable in nature, but are often submitted to a jury under Florida cases being held by some Florida courts to sound in law as claims in assumpsit. Plaintiff asserts that the remedy of discouragement (sic) damages/remedy in the amount of money/benefit received by Defendant through the purchase of Nortrax with Dobbs, believed to be a finder's fee of 4% or approximately $4 million or some other finder's fee, or the discouragement (sic) of some other benefit conferred as developed at trial, is an appropriate remedy, as found by the jury and/or as the Court deems just and right in her equitable powers.

Doc. 161 at 23. Thus, Plaintiff requested damages for (1) disgorgement or (2) some other benefit as developed at trial or (3) as the Court deems appropriate based on the Court's equitable powers. Given the lack of clarity as to whether legal or equitable relief was being sought, which necessarily weighs in on the Court's analysis as to whether Plaintiff is entitled to a jury trial, the Court directed Plaintiff to supplement his breakdown of damages. Doc. 181.

In his supplement filed in response to the Court's order, Plaintiff describes his damages as restitution either measured by disgorgement or by the market value of his services. Doc. 182. He goes on to further explain that the disgorgement is measured by the Defendant's ill-gotten gains. *Id.* at 2. Regarding the market value of his services, he estimates that to be approximately $20,000 based on no less than 100 hours of work

at $200 per hour. *Id.* at 3. Plaintiff acknowledges that he may only recover under one theory.

Defendant submits that Plaintiff should be required to select his chosen remedy now and further argues that he may not aggregate his claims to satisfy the jurisdictional amount in controversy. Doc. 191. Election of remedies is generally made after verdict and before judgment. *Wynfield v. Edward LeRoux Group*, 896 F.2d 483 (11th Cir. 1990); *see also, Alvarez v. Puleo*, 561 So. 2d 437 (Fla. 2d DCA 1990) (holding that a party may plead and litigate inconsistent remedies). In support of the contrary position, Defendant relies on *Deemer v. Hallett Pontiac, Inc.*, 288 So. 2d 526 (Fla. 3d DCA 974), in which the appellate court affirmed a lower court's decision to require the plaintiff to make an election between two inconsistent remedies prior to trial. *Id.* at 527–28. *Deemer* appears to be an outlier, however, as Florida's First, Second, Fourth, and Fifth District Courts of Appeal, as well as the Florida Supreme Court, have held that "an election between inconsistent remedies need only occur before judgment is entered." *E. Portland Cement Corp. v. F.L. Smidth Inc.*, No. 8:08-cv-637-SCB-TBM, 2009 WL 4730545, at *1 (M.D. Fla. Dec. 7, 2009) (collecting cases). Accordingly, Plaintiff is not required here to select his remedy pre-trial.

Defendant contends that even if an unjust enrichment claim is comparable to an action of assumpsit (*i.e.*, a legal claim) as argued by Plaintiff, if the remedy sought is equitable, there is no right to a jury. Here, Defendant submits that Plaintiff's remedy of disgorgement is an equitable remedy. In response, Plaintiff submits he is seeking money damages—a legal remedy—and that his damages are more appropriately

characterized as restitution. Given Plaintiff's clarification that the damages being sought are legal in nature,[2] Plaintiff is entitled to a jury trial on his unjust enrichment claim.

Regarding its argument that subject-matter jurisdiction is lacking, Defendant submits that Plaintiff's remedy based on $20,000 in damages divests the Court of jurisdiction. However, as noted above, Plaintiff is not obligated to select his remedy pre-suit, and thus his claimed damages exceed the jurisdictional threshold. Further, Defendant's argument that *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938), and its progeny, are inapposite is unpersuasive. Although *Red Cab* was a removal case, the Court's pronouncement that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," *id.* at 289–90, is equally applicable here. As the *Red Cab* Court noted "a dismissal would not have been justified [for a subsequent decrease in the amount in controversy] had the suit been brought [originally] in the federal court." *Id.* at 290. This view is further supported by the fact that "in a suit properly begun in the federal court[,] the change of citizenship of a party does not oust the jurisdiction." *Id.* at 294. It is undisputed the Court had diversity jurisdiction over this action when the case was first filed. Subsequent rulings which eliminated claims and potentially impacted the amount-in-controversy do not thereafter eliminate the Court's subject-

---

[2] Defendant argues that Plaintiff's explanation of his damages is constantly evolving, with the most recent characterization being unsubstantiated. By this order denying Defendant's motion to strike jury demand, the Court is not making a ruling as to whether Plaintiff's evidence supports his theory of damages.

5

matter jurisdiction.³ *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (district court maintained diversity jurisdiction "regardless of any subsequent [decrease] to the amount in controversy").

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Strike Jury Demand (Doc. 169) is **DENIED**.

2. The Court defers ruling on the pending motions *in limine* (Docs. 163–168, 170–172). A hearing on the motions *in limine* will be scheduled closer in time to the trial date.

3. Within 14 days, the parties shall file a joint notice regarding their trial availability in 2024.

**DONE AND ORDERED** in Tampa, Florida on November 17, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

³ This differs from a situation in which the Court declines to exercise its supplemental jurisdiction over remaining state law claims after dismissal of federal claims. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").